IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

JOHN STILWELL,

     Plaintiff,

vs.

VALENCHI CONSTRUCTION LLC, a
Florida Limited Liability Company,
MARSHA HOLLOWAY, an individual,
and ALEX GIL, an individual, jointly and
severally,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES

     Plaintiff, JOHN STILWELL, sues Defendants, VALENCHI CONSTRUCTION LLC, MARSHA HOLLOWAY and ALEX GIL, and shows:

### Introduction

     1.    This is an action by JOHN STILWELL against his former employers for unpaid overtime and unpaid minimum wages pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

     2.    Counts I and II of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. The Court has jurisdiction over Counts I and II pursuant to 29 U.S.C. § 216(b).

     3.    The claims arose within the Middle District of Florida, which is where venue is proper.

## Parties and General Allegations

4.     Plaintiff, JOHN STILWELL, (hereinafter "STILWELL") a resident of Marion County, was at all times material, employed by VALENCHI CONSTRUCTION LLC, as a construction lead, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with VALENCHI CONSTRUCTION LLC, was engaged in commerce or in the production of goods for commerce.

5.     Defendant, VALENCHI CONSTRUCTION LLC, (hereinafter, "VALENCHI CONSTRUCTION"), is a Florida Limited Liability Company with headquarters in Marion County, Florida, doing business in Ocala, Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6.     Defendant, MARSHA HOLLOWAY ("hereinafter, "HOLLOWAY"), who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant VALENCHI CONSTRUCTION. HOLLOWAY determined STILWELL's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, HOLLOWAY and VALENCHI CONSTRUCTION are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7.     Defendant, ALEX GIL ("hereinafter, "GIL"), who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant VALENCHI CONSTRUCTION. HOLLOWAY determined STILWELL's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, GIL and VALENCHI CONSTRUCTION are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8.     Plaintiff STILWELL worked more than 40 hours per week for most weeks of his employment, but was not paid overtime compensation at time-and-a-half his regular rate of pay.

9.     During the last pay period of his employment, STILWELL worked one day, but was paid no wages whatsoever.

10.     The failure to pay overtime and minimum wages to STILWELL is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

## Count I – Violation of FLSA by all Defendants – Overtime

11.     Plaintiff, JOHN STILWELL, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 and 10 above.

12.     Since on or about February 12, 2022 and up to and including October 10, 2022, Defendant VALENCHI CONSTRUCTION has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically STILWELL, during his employment, worked in excess of 40 hours a week during several weeks

of his employment, but was not compensated for all overtime hours at one and one-half times his regular rate.

13.     STILWELL is entitled pursuant to 29 U.S.C. § 216(b), to recover from VALENCHI CONSTRUCTION and HOLLOWAY:

      a.     All unpaid overtime that is due;

      b.     As liquidated damages, an amount equal to the unpaid overtime owed;

      c.     The costs of this action, and;

      d.     A reasonable attorney's fee.

WHEREFORE, Plaintiff, JOHN STILWELL, prays that this court will grant judgment against Defendants VALENCHI CONSTRUCTION and HOLLOWAY:

      a.      awarding STILWELL payment of overtime compensation found by the court to be due to him under the Act;

      b.     awarding STILWELL an additional equal amount as liquidated damages;

      c.     awarding STILWELL his costs, including a reasonable attorney's fee; and

      d.     granting such other and further relief as is just.

## Count II – Violation of the FLSA by all Defendants – Minimum Wage

14.     Plaintiff, STILWELL, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7, and 9-10 above.

15.     STILWELL worked for VALENCHI CONSTRUCTION for approximately 5.5 hours during the last day of his employment, but received no compensation whatsoever for the work performed.

16.     VALENCHI CONSTRUCTION's failure to pay STILWELL his final paycheck violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

17.     STILWELL is entitled pursuant to the FLSA to recover from Defendants VALENCHI CONSTRUCTION, HOLLOWAY and GIL:

      a.     The applicable minimum wage in effect at the times he worked without receiving compensation;

      b.     As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

      c.     The costs of this action, and;

      d.     A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

      a.     Enter judgment for STILWELL against VALENCHI CONSTRUCTION, HOLLOWAY and GIL on the basis of their willful violations of the FLSA;

      b.     Award STILWELL actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

      c.     Award STILWELL an equal amount in liquidated damages;

      d.     Award STILWELL reasonable attorneys' fees and costs of suit; and

      e.     Other such relief as this Court deems just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: January 27, 2023
Plantation, Florida

                           Respectfully submitted,

                           */s/Robert S. Norell*
                           Robert S. Norell, Esq. (Fla. Bar No. 996777)
                           E-Mail: rob@floridawagelaw.com
                           **ROBERT S. NORELL, P.A.**
                           300 N.W. 70th Avenue
                           Suite 305
                           Plantation, Florida 33317
                           Telephone: (954) 617-6017
                           Facsimile: (954) 617-6018
                           *Counsel for Plaintiff*