UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN STILWELL,

    Plaintiff,

v.                                  Case No: 5:23-cv-68-JSM-PRL

VALENCHI CONSTRUCTION LLC,

    Defendant.

### REPORT AND RECOMMENDATION[1]

Before the Court, upon referral, is the motion of John Stilwell ("Judgment Creditor"), for final judgment as to garnishment of JP Morgan Chase Bank, N.A ("Garnishee"). (Doc. 36). For the reasons explained below, I recommend that the Judgment Creditor's motion be granted.

### I. BACKGROUND

On August 7, 2023, and September 5, 2023, the Judgment Creditor obtained a judgment in this Court against Defendant Valenchi Construction LLC in the principal amount of $10,850.00, plus attorney's fees and costs in the amount of $5,939.50, for a total amount of $16,789.50. (Docs. 25, 26, 28, 29). The Judgment Creditor moved for a writ of garnishment to satisfy the outstanding judgment. The Judgment Creditor believed that the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Garnishee, has in its hands, possession, or control, tangible or intangible personal property of the Judgment Debtor.

On September 11, 2023, a writ was issued against Garnishee. (Doc. 32). September 21, 2023, Garnishee filed its answer to the writ, disclosing that at the time of service of the writ of garnishment, it retained "$3,563.73 subject to the Writ pursuant to Florida Statutes § 77.19 and subject to offset for applicable administrative fees pursuant to the account agreement between Garnishee and Judgment Debtor." (Doc. 33 at 2). On September 22, 2023, pursuant to Florida Statutes 77.055, counsel for Judgment Creditor gave notice of the answer together with the statutorily required notice to the Judgment Debtor. (Docs. 34 & 35). The Judgment Debtor has not responded to the writ of garnishment or answer.

## II. LEGAL STANDARDS

Florida's procedure in aid of execution governs in the instant case. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. Florida law requires garnishment statutes to be strictly construed. *Gigliotti Contracting N., Inc. v. Traffic Control Prods. of N. Fla., Inc.*, 788 So.2d 1013, 1016 (Fla. 2d Dist. Ct. App. 2001).

## III. DISCUSSION

The answer (Doc. 33) establishes the amount Garnishee, held from Judgment Debtor after the writ of garnishment was served and before and after the answer. And, as the Judgment Debtor has not moved to dissolve the writ of garnishment, the Judgment Creditor requests entry of a final judgment of garnishment against Garnishee, in the amount of $3,563.73. Neither the Judgment Debtor nor any other party has responded, objected, or moved to dissolve the writ within the 20 days allowed by Florida Statutes 77.055. *Cf.* (Doc.

33 at 3) (requesting, as part of Garnishee's answer, that the Court enter an order dissolving the writ without a separate motion or statement that allegations in writ are untrue). Further, the Judgment Debtor is not an individual and there is no dispute regarding the ownership of the subject account, nor is there any dispute regarding whether the allegations in the writ are true. I therefore recommend, on the record before the Court, that the motion for final judgment of garnishment is due to be granted.

### IV.  RECOMMENDATION

Accordingly, it is respectfully recommended that the motion for final judgment as to garnishment of J.P. Morgan Bank N.A. (Doc. 36), be **GRANTED**.

Recommended in Ocala, Florida on January 2, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy